IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

STEPHANIE RICH                                                                                PLAINTIFF

V.                                                                    CAUSE NO.: 2:12CV070-SA-SAA

SAM'S TOWN HOTEL & GAMBLING HALL                                          DEFENDANT

MEMORANDUM OPINION

Plaintiff Stephanie Rich, *pro se*, filed this cause of action alleging that Defendant Sam's Town Hotel & Gambling Hall discharged her because of her race (white) and in retaliation for complaining about protected conduct. Defendant filed a Motion to Dismiss based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) asserting that Plaintiff failed to timely file a charge with the EEOC, thus precluding her federal lawsuit. Because the Court finds Plaintiff has failed to present sufficient evidence that she filed her EEOC Charge timely, that motion is GRANTED.

*Discussion and Analysis*

Title VII requires the filing of a complaint with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). "The EEOC filing requirement functions as a statute of limitations rather than a jurisdictional prerequisite. It is a pre-condition to filing suit in district court, but it is not related to the subject matter jurisdiction of the court." Rhodes v. Guiberson Oil Tools Div., 927 F.2d 876, 878 (5th Cir.) (internal quotations and citation omitted), cert. denied, 502 U.S. 868, 112 S. Ct. 198, 116 L. Ed. 2d 158 (1991).

It is undisputed that Plaintiff was terminated on June 22, 2011, so that her last day to timely file a charge with the EEOC was December 19, 2011. Defendant contends that since

Plaintiff did not file her charge until January 17, 2012, her charge was clearly untimely and her complaint, therefore, is due to be dismissed. In response to Defendant's motion, Plaintiff maintains that she filed EEOC documents on September 7, 2011, which was within the allotted 180 days. In support of her contention, she attaches what appears to be a page from the EEOC's Intake Questionnaire. While the questionnaire is dated "9-7", the year is not clearly indicated. Under the Plaintiff's understanding, the intake questionnaire she filled out on September 7 constitutes her EEOC charge of discrimination, and submits that under the circumstances her charge should be considered timely. The court disagrees.

In accordance with the Supreme Court's opinion in Federal Express Corp. v Holowecki, 552 U.S. 389, 128 S. Ct. 1147, 170 L. Ed. 2d 10 (2008), Plaintiff's intake questionnaire did not constitute a charge of race discrimination or retaliation. In Holowecki, the Supreme Court specifically recognized that an intake questionnaire can constitute a "charge" if it can "be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." 552 U.S. at 402, 128 S. Ct. 1147. Title 29 of the Code of Federal Regulations provides that a charge is sufficient when the EEOC receives from the person making the charge a "written statement sufficiently precise to identity the parties, and to describe generally the action or practices complained of." See 29 C.F.R. § 1601.12(b).

What Plaintiff attached of her intake questionnaire does not satisfy this standard. There is no indication that this page Plaintiff attached to her response was actually submitted to the EEOC. The document indicates that it is page "4" but no other pages are provided. Moreover, as noted above, the date as indicated by the Plaintiff is not entirely legible. Plaintiff marked the box indicating that she "want[ed] to file a charge of discrimination, and I authorize the EEOC to

look into the discrimination I described above." However, the page provided by Plaintiff did not note whether Plaintiff was alleging any type of discrimination only that she felt she was "not treated fairly." As further evidence that Plaintiff did not herself trust the intake questionnaire to constitute a "charge," she thereafter, on January 17, 2012, completed an EEOC Form 5, entitled "Charge of Discrimination." Thus, the Court finds that Plaintiff has not proven her intake questionnaire to constitute a "charge" of discrimination under Title VII, and that her Charge was filed more than 180 days elapsed from her adverse employment action.

The question, then, is whether her actual charge may be considered timely. Again, the time period for filing an EEOC charge is not jurisdictional and may be equitably tolled. The Fifth Circuit has "identified three potential bases for equitable tolling: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights." Manning v. Chevron Chem. Co., 332 F.3d 874, 880 (5th Cir. 2003) (citing Blumberg v. HCA Mgmt. Co., 848 F.2d 642, 644 (5th Cir. 1988)). None of these bases is applicable here  See Granger v. Aaron's, Inc., 636 F.3d 708, 712 (5th Cir. 2011) (finding that "[e]quitable tolling is to be applied 'sparingly'" in the Title VII context).

*Conclusion*

Accordingly, the Court finds that the alleged partial intake questionnaire presented by Plaintiff did not constitute a "charge of discrimination" pursuant to Title VII. Plaintiff's Charge of Discrimination filed on January 17, 2012, was filed more than 180 days after Plaintiff's discharge. No basis for equitable tolling is evident in this case. Therefore, Plaintiff's charge was untimely and the claim must be dismissed. Defendant's Motion to Dismiss is GRANTED.

SO ORDERED, this the 7th day of February, 2013.

                                                 **/s/ Sharion Aycock**
                                                 **U.S. DISTRICT JUDGE**